UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN W. BONILLA,<br><br>          Petitioner,<br><br>                    v.<br><br>MICHAEL MARTEL, Acting Warden of<br>San Quentin State Prison,<br><br>          Respondent. | Case Number C 08-471 CW<br><br>DEATH PENALTY CASE<br><br><br><br>ORDER DENYING PETITIONER'S<br>REQUEST FOR PRO SE STATUS |

      Petitioner Steven Bonilla has been sentenced to death by the
Superior Court of California for the County of Alameda.  On
January 22, 2008, while his state habeas case was still being
litigated, Bonilla filed a request for appointment of counsel for
his future federal habeas litigation in this Court, under case
number C-08-471 CW.  Pursuant to Habeas Local Rule 2254-25, this
Court granted his request for appointment of counsel and referred
this action to the Northern District's Selection Board for the
recommendation of qualified counsel to represent Petitioner in

1  these proceedings.  Pursuant to Habeas Local Rule 2254-24(a),

2  Petitioner's concurrent request for a stay of execution was also

3  granted.

4      On May 2, 2012, this Court issued an order staying all

5  proceedings in this matter until appointment of counsel to

6  represent Petitioner.  Petitioner has since filed a request to

7  represent himself in this action.  For the following reasons,

8  Petitioner's request is DENIED.

9      The right to self-representation does not extend to post-

10  conviction proceedings.  <u>Martinez v. Court of Appeal of</u>

11  <u>California</u>, 528 U.S. 152, 163 (2000); <u>Tamalini v. Stewart</u>, 249 F.

12  3d 895, 901-902 (9th Cir. 2001).  This Court, exercising its

13  discretion, finds that self-representation would not be in

14  Petitioner's best interests.  Self-representation is often

15  unwise, and considering the complexity of capital habeas

16  litigation, would likely be detrimental to Petitioner.

17      "An attorney's assistance prior to the filing of a capital

18  defendant's habeas corpus petition is crucial, because the

19  complexity of our jurisprudence in this area makes it unlikely

20  that capital defendants will be able to file successful petitions

21  for collateral relief without the assistance of persons learned

22  in the law." <u>McFarland v. Scott</u>, 512 U.S. 849, 855 (1994)

23  (internal quotes and citations omitted).  Respondent will be

24  represented by experienced counsel with the advantage of skill,

25  training and ability.  Procedural rules would not be relaxed if

26  Petitioner represented himself, and no assistance can be rendered

27  by the Court.  Therefore, Petitioner's request to represent

28  himself during federal habeas proceedings challenging his state

death sentence is DENIED.

1   The stay previously entered by this Court remains in place.

2 The Clerk of Court shall terminate all pending motions.

3

4   IT IS SO ORDERED.

5

6

7 DATED:  5/23/2012

8           CLAUDIA WILKEN
            United States District Judge