UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN W. BONILLA,<br><br>    Petitioner,<br><br>              v.<br><br>MICHAEL MARTEL, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number C 08-471 CW<br><br>DEATH PENALTY CASE<br><br><br>ORDER LIFTING STAY AND DENYING PETITIONER'S REQUEST TO PROCEED WITHOUT COUNSEL |

    Petitioner Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda. On January 22, 2008, while his state habeas case was still being litigated, Bonilla filed a request for appointment of counsel for his future federal habeas litigation in this Court, under case number C-08-471 CW. Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred this action to the Northern District's Selection Board for the recommendation of qualified counsel to represent Petitioner in these proceedings.

    On May 2, 2012, this Court issued an order staying all proceedings in this matter until appointment of counsel to

represent Petitioner, and on May 23, 2012, this Court denied Petitioner's request to represent himself in these proceedings. On July 25, 2012, this court issued an order appointing the Office of the Federal Public Defender for the District of Nevada to represent Petitioner.  Accordingly, the stay in this matter is hereby LIFTED.

Despite the appointment of counsel, Petitioner has continued to file numerous pro se pleadings, including a motion to withdraw his request for court-appointed counsel.  For the reasons set forth in this Court's order of May 23, 2012, Petitioner's motion is DENIED.  The right to self-representation does not extend to post-conviction proceedings.  <u>Martinez v. Court of Appeal of California</u>, 528 U.S. 152, 163 (2000); <u>Tamalini v. Stewart</u>, 249 F. 3d 895, 901-902 (9th Cir. 2001).  This Court, exercising its discretion, finds that self-representation would not be in Petitioner's best interests.  Self-representation is often unwise, and considering the complexity of capital habeas litigation, would likely be detrimental to Petitioner.

The remainder of Petitioner's pending pro se requests and motions are DENIED.  The Clerk of Court shall terminate all pending motions.

IT IS SO ORDERED.

DATED:  8/29/2012

CLAUDIA WILKEN
United States District Judge