IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BONILLA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFFREY BEARD, Director of California Department of Corrections and Rehabilitation,<br><br>    Defendant. | Case No.: 14-1990 CW (PR) |
| STEVEN BONILLA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFFREY BEARD, Director of California Department of Corrections and Rehabilitation,<br><br>    Defendant. | Case No.: 14-2091 CW (PR)<br><br>ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTIONS; TERMINATING ALL PENDING MOTIONS |

    Plaintiff Steven Bonilla, a state prisoner incarcerated at San Quentin State Prison (SQSP) and a frequent litigator in this Court, has filed these two pro se civil actions on behalf of himself and other inmates at SQSP. After he filed both actions, Bonilla filed documents stating that he wants to dismiss the claims of all other Plaintiffs and to proceed only on behalf of himself. In case number C 14-2091 CW (PR), many of the individuals listed as Plaintiffs filed letters explaining that Bonilla used their names without their permission and requesting that their claims be dismissed from the action. For good cause appearing, except for Bonilla, the Court dismisses the claims of all individuals named as Plaintiffs in these actions. The Clerk of the Court shall not charge these individuals a filing fee.

Before the Court reviews the complaints, it addresses a preliminary matter. In each case, Bonilla files a document entitled, "Peremptory Challenges," in which he seeks to recuse the undersigned judge on the grounds of alleged prejudice against him. Because these documents do not satisfy the requirements for recusal of a judge listed in 28 U.S.C. § 144 or 28 U.S.C. § 455, the requests for recusal are denied.

In case number C 14-2091 CW (PR), Bonilla has filed a motion to proceed in forma pauperis (IFP). In case number C 14-1990 CW (PR), Bonilla has not filed a motion to proceed IFP, although the Clerk has sent him a notice that he must do so or his complaint will be dismissed. Both of these actions are petitions for writs of mandate in which Plaintiff Bonilla challenges operational procedure (OP) 608, newly implemented by the California Department of Corrections and Rehabilitations (CDCR) for Grade A condemned inmates at SQSP. For the following reasons, both of these actions must be dismissed.

On October 25, 2011, the Court informed Bonilla that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed IFP in any civil action he files in this Court. See In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19. The sole exception to this restriction is that Bonilla may proceed IFP if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

In these actions, Plaintiff Bonilla has not alleged facts

2

that show he was in imminent danger of serious physical injury at the time he filed them.  In C 14-1990 CW (PR), Plaintiff Bonilla challenges OP 608 on the ground that it requires condemned inmates, such as himself, to be subject to new housing requirements, which he fails to specify.  In C 14-2041 CW (PR), Plaintiff Bonilla challenges OP 608 on the ground that it requires Grade A condemned inmates to be escorted by at least one correctional officer and to be in restraints while under escort.  Neither of Plaintiff Bonilla's grounds for challenging OP 608 places him in imminent danger of serious physical injury. Therefore, these actions must be dismissed under 28 U.S.C. § 1915(g).

These actions also must be dismissed because this Court lacks authority to issue a writ of mandamus to direct state officials in the performance of their duties; a petition for a writ of mandamus compelling a state official to take or refrain from taking some action is frivolous as a matter of law.  <u>Demos v. United States Dist. Court</u>, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. With the exception of Plaintiff Bonilla, the claims of all named Plaintiffs are dismissed from these actions and the Clerk of the Court shall not charge them a filing fee.

2. Plaintiff Bonilla's requests for recusal are denied.

3. Plaintiff Bonilla's request to proceed IFP in case number C 14-2014 CW (PR) is DENIED and both actions are DISMISSED.  Each action is without legal merit.

4. The Clerk of the Court shall terminate all pending

3

1  motions, enter judgment and close the files.

2      5. The Clerk shall file a copy of this Order in C 08-0471 CW.

3      IT IS SO ORDERED.

4  Dated: 6/2/2014

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE