UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT AYERS, et al.,<br><br>Defendants. | Case No.  08-cv-00471-YGR   (HSG)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECUSAL**<br><br>Re: Dkt. No. 291 |

Pursuant to Civil Local Rule 3-14, Petitioner Steven W. Bonilla's pro se "Challenge for Cause - Incompetency" has been referred to this Court. Dkt. Nos. 291-93. The Court construes Petitioner's "Challenge for Cause" as a motion for recusal and finds it suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the Court DENIES the motion.

### I.   BACKGROUND

On May 12, 2015, Petitioner filed the instant motion, asserting that Judge Gonzalez Rogers—to whom the underlying case is assigned—did not properly apply certain provisions of the Crime Victims' Rights Act, 18 U.S.C. § 3771. Petitioner's grievance arises from a March 26, 2015 court order in which Judge Gonzalez Rogers "ruled that the motions filed by the Petitioner [under the Crime Victims' Rights Act] must be filed by his counsel." Dkt. No. 291 at 3. Specifically, Petitioner contends that Judge Gonzalez Rogers "does not have the authority to rewrite the statute to include the additional requirement that a crime victim must be represented by counsel when the statute clearly and unambiguously states that the Petitioner/crime victim has the right to file the motion." *Id.*

Pursuant to Civil Local Rule 3-14, the Clerk assigned the motion to the undersigned for adjudication.

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 455(a), states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In analyzing a § 455(a) disqualification motion, the test is an objective one: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (internal quotation marks omitted). Disqualification is also authorized under 28 U.S.C. § 144, which provides that if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further . . . ." Under both statutes, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Furthermore, motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). As a result, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Disqualification on the basis of an allegedly erroneous judicial ruling should not be ordered except in the "rarest of circumstances." *Holland*, 519 F.3d at 914.

The decision on a motion to disqualify a judge is a matter of the district court's discretion. *Pesnell*, 543 F.3d at 1043.

### B. Petitioner Has Not Identified Any Evidence That Supports Disqualification

Petitioner contends only that Judge Gonzalez Rogers is "incompetent to follow the law," not that she has any personal bias or prejudice against him. And his only evidence of Judge Gonzalez Rogers's alleged incompetency is the denial of Petitioner's *pro se* motion pursuant to

2

the Crime Victims' Rights Act. Such evidence is clearly insufficient to warrant recusal, as it is based on "judicial rulings alone." *Liteky*, 510 U.S. at 555. Petitioner has failed to demonstrate any "deep seated favoritism or antagonism that would make fair judgment impossible." *Id*. The Court therefore finds that Petitioner's "Challenge for Cause" is frivolous and must be denied.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's "Challenge for Cause - Incompetency," construed as a motion for recusal, is DENIED.

**IT IS SO ORDERED.**

Dated:  6/2/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge