IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. BONILLA, | No. 08-CV-471 YGR |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER DENYING PETITIONER'S *PRO SE* MOTIONS BASED ON THE CRIME VICTIMS RIGHTS ACT AND DIRECTING CLERK OF COURT TO RETURN UNFILED ANY NEW *PRO SE* FILINGS** |
| RON DAVIS, Warden, San Quentin State Prison | |
| Respondent. | |

## INTRODUCTION

Petitioner Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda. On January 22, 2008, while his state habeas case was still being litigated, Bonilla filed a request for appointment of counsel for his future federal habeas litigation in this Court. Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred this action to the Northern District's Selection Board for the recommendation of qualified counsel to represent Petitioner in these proceedings.

On May 2, 2012, this Court issued an order staying all proceedings in this matter until counsel was appointed to represent Petitioner. On May 23, 2012, this Court denied Petitioner's request to represent himself in these proceedings. The Federal Public Defender for the District of Nevada was appointed to represent Petitioner on July 25, 2012. The stay of proceedings was lifted at that time.

Despite the appointment of counsel, Petitioner has filed numerous pro se pleadings. To date, petitioner has filed *pro se* 198 letters, notices, and motions, all seeking to vacate his

conviction in a manner outside the adjudication of his habeas corpus petition. The Court has ruled on 171 of those and twenty-seven remain. In its orders on these motions, letters, and requests, the Court has repeatedly directed petitioner to file any motions through his appointed counsel. Petitioner fails to adheres to the Court's instructions.

## PENDING *PRO SE* MOTIONS BASED ON CVRA

Nearly all of the motions left to be dispensed with relate to petitioner's contention that he is a victim within the meaning of the Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771 and his dissatisfaction with the Court's handling of these motions. Petitioner has filed these motions in an effort to overturn his conviction and return assets that were seized as a part of the conviction process.

The CVRA was enacted "to make crime victims full participants in the criminal justice system." *Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006). The Act enumerates rights afforded to crime victims in "[i]n any court proceeding involving an offense against a crime victim." 18 U.S.C. § 3771(b)(1). The Court has reviewed petitioner's pro se filings and finds that he has not adequately demonstrated that he may avail himself of the CVRA's protections because it is not clear that he is a victim of any federal crime within the meaning of the CVRA. *See id.* § 3771(e).

Furthermore, there is no evidence of a pending criminal investigation or formal criminal charges against the agents involved in the investigation against petitioner in connection with their alleged misconduct sufficient to trigger the rights that petitioner seeks to invoke under the CVRA. *See Does v. United States*, 817 F.Supp.2d 1337, 1342–43 (S.D. Fla. 2011) (some CVRA rights may attach before formal charges, but deferring ruling on what those rights are)*; In re Petersen*, No. 2:10–CV–298 RM, 2010 WL 5108692, at *2 (N.D. Ind. Dec. 8, 2010) (many CVRA rights only arise after charges brought).

Finally, release from conviction is not one of the rights afforded under the CVRA. *See* 18 U.S.C. § 3771(a). Accordingly, petitioner's 23 motions alleging abuses under the CVRA are denied (ECF Dkt. Nos. 278-284, 286-290, 295, 300-304, 306, and 309-312), as are petitioner's remaining challenges for cause based on the Court's failure to rule on the merits of these

motions (ECF. Dkt. Nos. 294, 298, 299, and 308).

## **RESTRICTION ON FUTURE *PRO SE* FILINGS**

Of the 307 documents on the docket, 198 are *pro se* filings by petitioner seeking release from his conviction or challenging decisions to such *pro se* filings. In addition to the voluminous filings regarding the CVRA, petitioner filed 71 documents related to the "Clean Hands Doctrine," wherein he made arguments very similar to those in his CVRA motions and alleged an entitlement to release from conviction (ECF Dkt. Nos. 188-189, 191-195, 197-198, 201-239, 242-260, 262-265, and 274). There was no meritorious reason to file more than one such motion, and even one would have been baseless.

Petitioner's inordinate number of repetitive and frivolous filings require resources that should be applied to the administration of his habeas corpus petition and to other actions pending within the Court. He has a pattern of abusive and repetitive filings in this action. Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.), *cert. denied*, 489 U.S. 1001 (1990).

Petitioner is represented by counsel and represented parties do not have the right to proceed pro se. *See United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995). The "right to counsel and the right to proceed pro se are disjunctive rights." *United States v. Crowhurst*, 629 F.2d 1297, 1301 (9th Cir. 1980). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," but which do not overly restrict petitioner's access to the Court. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (collecting cases). Here, petitioner has two attorneys acting on his behalf who are able to file any motion that, in their professional judgment, they deem to have merit. Accordingly, all motions in this proceeding must be filed by counsel and those that are sent *pro se* will be returned unfiled to petitioner, unless such motions relate to the adequacy of appointed counsel.

//

**CONCLUSION**

Petitioner's *pro se* motions under the CVRA are denied as frivolous, as are his related "challenges for cause." The Clerk is directed to close ECF Dkt. Nos. 278-284, 286-290, 294-295, 298-304, 306, 308-312. Additionally, the Clerk is directed to return as unfiled any new *pro se* pleading by petitioner.

**IT IS SO ORDERED.**

Dated: July 7, 2015.

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE