IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. BONILLA,<br><br>  Petitioner,<br><br>  v.<br><br>RON DAVIS, Warden, San Quentin State Prison<br><br>  Respondent. | No. 08-CV-471 YGR<br><br>DEATH PENALTY CASE<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO TAKE DEPOSITIONS AND MOTIONS FOR DISCOVERY, ECF DKT. NOS. 175-177** |

### INTRODUCTION

Petitioner has filed three motions seeking leave to take depositions under Fed. R. Civ. P. 27 and the release of documents through discovery under Fed. R. Civ. P. 6(a) (ECF Dkt. Nos. 175-177). However, the petition contains both unexhausted and exhausted claims. For the reasons stated herein, the motions are DENIED.

### STATEMENT

Petitioner Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda. On January 22, 2008, while his state habeas case was still being litigated, Bonilla filed a request for appointment of counsel for his future federal habeas litigation in this Court. Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred this action to the Northern District's Selection Board for the recommendation of qualified counsel to represent Petitioner in these proceedings.

On May 2, 2012, this Court issued an order staying all proceedings in this matter until counsel was appointed to represent Petitioner. On May 23, 2012, this Court denied Petitioner's

1  request to represent himself in these proceedings. The Federal Public Defender for the District
2  of Nevada was appointed to represent Petitioner on July 25, 2012. The stay of proceedings was
3  lifted at that time.

4      Petitioner filed a petition for writ of habeas corpus. (ECF Dkt. No. 139) Subsequent to
5  the filing of a joint case management conference statement (ECF Dkt. No. 151) and the Court
6  filed an order permitting petitioner to file motions for discovery (ECF Dkt. No. 153). Petitioner
7  filed a motion to take depositions (ECF Dkt. No. 175), a petition for order directing release of
8  various documents (ECF Dkt. No. 176), and a motion for discovery (ECF Dkt. No. 177). The
9  respondent opposed petitioner's motions (ECF Dkt. Nos. 183, 184) and petitioner replied (ECF
10 Dkt. Nos. 199, 200).

11     In an effort to assist the Court in reaching a resolution on the discovery motions, the
12 parties were requested to brief the impact of *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388
13 (2010), on petitioner's discovery motions and petition (ECF Dkt. No. 277). The parties have
14 filed their briefs and the motions are now ripe for decision.

## ANALYSIS

16     Petitioner's petition for writ of habeas corpus contains both exhausted and unexhausted
17 claims. In his three motions, petitioner seeks five depositions; various documents related to In
18 Re Grand Jury Investigation CR 88-259 MISC, CR 88-259 AJZ, and Grand Jury 87-3, 8703546;
19 as well as "all notes, cards, lists, charts, spreadsheets, memoranda, criminal background checks,
20 and other written or electronic materials prepared by or on behalf of former Deputy District
21 Attorney Jon Goodfellow concerning the selection and elimination of all potential jurors in
22 Bonilla's case"; "the Alameda County District Attorney's office policy and training manuals,
23 memoranda and other materials related to the selection and elimination of jurors in capital
24 cases, and all policy and training manuals, memoranda and other materials related to the
25 selection and elimination of jurors in non-capital cases"; and "(1) a questionnaire for one juror
26 who actually sat on Mr. Bonilla's first jury (Connie B.); (2) a questionnaire for one other
27 prospective juror
28 regarding whom the prosecution had at least one opportunity to strike but instead passed for

cause (John R.); (3) several other questionnaires for qualified prospective jurors who also were not selected for service for various reasons; and (4) juror supplemental hardship questionnaires for excused jurors."

"Discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims." *Calderon v. United States Dist. Ct.* ("*Thomas*"), 144 F.3d 618, 621 (9th Cir. 1998), citing *Calderon v. United States Dist. Ct.* ("*Roberts*"), 113 F.3d 149 (9th Cir. 1997) . In *Thomas*, the petitioner was granted depositions on unexhausted claims, but only after those claims were dismissed and he moved to stay and abey the pending federal habeas petition while he returned to state court to exhaust the unexhausted claims. *Id.* at 620. The petitioner in *Thomas* was able to show a need for pre-litigation depositions under Fed. R. Civ. P. 27, but the court there was only able to consider that showing once it had before it a valid petition. *Id.* at 621-622. Here, petitioner does not have a "valid" petition because it is not a fully exhausted one.

Petitioner argues that *Roberts* is no longer good law in light of "(1) the plain language of the AEDPA; (2) intervening Supreme Court authority governing the handling of mixed petitions; and (3) intervening Supreme Court authority interpreting the federal statute of limitations which caused the High Court to modify the application of the total exhaustion rule of *Rose v. Lundy*, 455 U.S. 509 (1982)." (Mtn. for Discovery at 16.) Petitioner goes on to argue that *Rhines v. Weber*, 544 U.S. 269 (2005), and *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005), "demonstrate that the *Roberts* . . . decision is no longer good law to the extent that it holds that a federal court cannot order formal discovery on a mixed petition." (Mtn. for Discovery at 17.) Petitioner is incorrect.

The only change that *Rhines* and *Jackson* brought post-AEDPA and its institution of a statute of limitations for federal habeas petitions was that petitioners must be given the option of dismissing all unexhausted claims or seeking a stay and abeyance of federal habeas proceedings to return to state court to exhaust the unexhausted claims. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014) (" Federal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims, unless a petitioner requests a stay and abeyance of his

mixed petition that satisfies the requirements of *Rhines v. Weber*. Additionally, before the district court dismisses a mixed petition a petitioner must 'be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims.'" (Citations omitted)).

Petitioner also cites to *Bracy v. Gramley*, 520 U.S. 899 (1997), to argue that the United States Supreme Court has not required exhaustion of claims as a condition of ordering discovery. (Mtn. for Discovery at 18.) *Bracy* is inapposite because it does not address the issue of exhaustion. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents"); *Hamad v. Gates*, 732 F.3d 990, 1000 (9th Cir. 2013) (The "language of the court must be read in light of the facts before it" (citation omitted)).

## CONCLUSION

Accordingly, the motion to take depositions (ECF Dkt. No. 175) and the motions for discovery (ECF Dkt. Nos. 176-77) are denied without prejudice to renewal following the submission of a petition for writ of habeas corpus containing only exhausted claims. The parties are directed to meet and confer and to submit a case management statement within 45 days of the filing date of this order outlining a proposed schedule for filing a finalized petition and any motion for stay to return to state court for exhaustion purposes.

**IT IS SO ORDERED.**

Dated: July 27, 2015.

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

4