**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN W. BONILLA,<br><br>Petitioner,<br><br>vs.<br><br>RON DAVIS, Warden, San Quentin State Prison<br><br>Respondent. | Case No.: 08-CV-0471 YGR<br><br>ORDER DENYING *PRO SE* MOTION TO DISMISS |

In this Court's July 7, 2015 order, Petitioner was directed to cease filing any substantive *pro se* motions and was directed, instead, to have counsel file such motions for him. The only exception would be for a motion alleging ineffective assistance of counsel.

Petitioner filed a motion labeled "Ineffective Assistance of Counsel - Motion to Dismiss," wherein he challenges both his conviction and the Court's July 7, 2015 Order directing the Clerk to return as unfiled any *pro se* motions that do not allege ineffective assistance of counsel. To the extent Petitioner seeks a dismissal of his conviction, the motion is denied. As stated in the July 7 Order, *pro se* motions challenging Petitioner's conviction will not be considered. All such motions must be filed by appointed counsel.

To the extent Petitioner challenges the July 7 Order, the *pro se* motion is construed as a motion for reconsideration. So construed, the motion is denied. As stated in the July 7 Order, Petitioner is represented by counsel and represented parties do not have the right to proceed pro se. *See United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995). Petitioner argues that he was not given sufficient notice and an opportunity to be heard; however, the case Petitioner relies on is inapposite. In *In re Prewitt*, 280 F. Supp. 2d 548 (N.D. Miss. 2003), an attorney was banned from the

third floor of the local courthouse after misbehavior as both an attorney and a pro se litigant. The petitioner there was entitled to a hearing because his physical access to that particular courthouse, and eventually all courthouses in the district, was being restricted. The same theory holds true for vexatious litigant prefiling orders. *See DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). If a litigant's access to the courts is being severely restricted, he first must be given an opportunity to be heard on the matter. *Id.* Here, however, Petitioner has access to filing motions in this Court -- through his court-appointed attorneys.

Moreover, this Court has the inherent right to manage its own docket. *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998); *see also DeLong*, 912 F.2d at 1147 ("We recognize that '[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'").

This court appointed counsel to represent Petitioner on all matters related to the litigation of his petition for writ of habeas corpus. Because he is represented, Petitioner does not also have a right to file his own motions. The *pro se* motions Petitioner filed were excessive and frivolous and the Court has exercised its inherent power to limit the docket to activity that will further the litigation of Petitioner's habeas corpus petition.

Accordingly, Petitioner's *pro se* motion is DENIED. Additionally, Petitioner is again directed to have any substantive motions filed through his court-appointed counsel. No *pro se* motions will be accepted from Petitioner unless they allege a legitimate conflict of interest.

**IT IS SO ORDERED**.

Dated: September 4, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**