# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. BONILLA,<br><br>  Petitioner,<br><br>  vs.<br><br>RON DAVIS, Warden, San Quentin State Prison<br><br>  Respondent. | Case No.: 08-CV-0471 YGR<br><br>ORDER DENYING *PRO SE* MOTIONS |

In this Court's July 7, 2015 Order, Petitioner was directed to cease filing any substantive *pro se* motions and was directed, instead, to have counsel file such motions for him. The only exception would be for a motion alleging ineffective assistance of counsel.

Since that time, Petitioner repeatedly has sent numerous documents for filing with the Court. The Court screens all documents that contain a reference in the title to "ineffective assistance of counsel" or a "conflict of interest" with counsel to confirm whether the title accurately represents the substance of the motion. The Court has filed and denied two of Petitioner's pro se motions and returned the rest.

Petitioner this week has sent two pro se pleadings, both of which allege ineffective assistance of counsel and conflict with counsel. (Dkt. 340, 341). One of Petitioner's current pleadings demands to know why his documents are being returned when he is alleging ineffective assistance of counsel.

As an initial matter, the Court notes that Petitioner has no constitutional right to counsel on collateral review and thus "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Because he is a capital prisoner, Petitioner does have a statutory right to counsel in these proceedings. 18 U.S.C. § 3599(a)(2) (2012). That includes the right "for that counsel meaningfully to research and present [his] habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). However, Petitioner does not have a right to dictate tactics in the pursuit of his habeas petition. *See United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981). Nor does he have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by [him], if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

As is the case with the present filing, Petitioner's pro se filings, in whatever legal guise they come, consistently challenge the seizure of his phone records. That issue is raised as Claim Two in his Petition. His dispute with counsel as to how it is raised and in what format does not constitute either ineffective assistance of counsel or a genuine conflict of interest with counsel.

Accordingly, Petitioner's *pro se* motions are DENIED. As previously instructed, Petitioner shall file any substantive motions filed through his court-appointed counsel.

The Court will continue to screen any *pro se* motions that allege a conflict with or the ineffective assistance of counsel. If those motions fail to assert a genuine conflict with appointed counsel, they will be returned unfiled.

IT IS SO ORDERED.

Dated: May 4, 2016

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE