1
2
3
4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   STEVEN W. BONILLA,                    Case No.  08-CV-0471 YGR

8              Petitioner,                ORDER DENYING PETITIONER'S MOTION
                                          FOR DISCOVERY AND PETITION TO UNSEAL
9          v.                             DOCUMENTS IN CASE NOS. 88-CR-259 AJZ
                                          MISC AND GRAND JURY 87-3, 8703546
10  RON DAVIS, Warden, San Quentin State
    Prison
11
               Respondent.
12

13                              INTRODUCTION

14          Petitioner filed a finalized petition on May 10, 2016.  ECF Doc. No. 353.  He has now filed

15  three concurrent motions: a motion to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269

16  (2005); a motion for discovery; and a petition to unseal documents in two grand jury proceedings.

17  The motion to stay and its association motion to exceed the page limit will be addressed by

18  separate order.  For the reasons stated herein, the motion for discovery and petition to unseal

19  documents are **DENIED**.

20

21                               STATEMENT

22          Petitioner Steven Bonilla has been sentenced to death by the Superior Court of California

23  for the County of Alameda.  On January 22, 2008, while his state habeas case was still being

24  litigated, Bonilla filed a request for appointment of counsel for his future federal habeas litigation

25  in this Court.  Pursuant to Habeas Local Rule 2254-25, this Court granted his request for

26  appointment of counsel and referred this action to the Northern District's Selection Board for the

27  recommendation of qualified counsel to represent petitioner in these proceedings.

28

On May 2, 2012, this Court issued an order staying all proceedings in this matter until counsel was appointed to represent Petitioner.  On May 23, 2012, this Court denied Petitioner's request to represent himself in these proceedings.  The Federal Public Defender for the District of Nevada was appointed to represent Petitioner on July 25, 2012.  The stay of proceedings was lifted at that time.

Petitioner filed a petition for writ of habeas corpus.  ECF Doc. No. 139.  He then filed a motion to take depositions (ECF Doc. No. 175), a petition for order directing release of various documents (ECF Doc. No. 176), and a motion for discovery (ECF Doc. No. 177).  The respondent opposed petitioner's motions (ECF Doc. Nos. 183, 184) and petitioner replied (ECF Doc. Nos. 199, 200).

In an effort to assist the Court in reaching a resolution on the discovery motions, the parties were requested to brief the impact of *Cullen v. Pinholster*, 563 U.S. 170 (2010), on petitioner's discovery motions and petition.  ECF Doc. No. 277.  Ultimately, the Court denied those motions without prejudice because petitioner cannot litigate a petition containing both exhausted and unexhausted claims.  ECF Doc. No. 317.

Petitioner filed his finalized petition on May 10, 2016.  ECF Doc. No. 353.  Subsequently, petitioner filed (1) a motion to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (ECF Doc. No. 361); (2) a motion for leave to conduct discovery from federal and out of state entities (ECF Doc. 363); and (3) a "Petition for Order Directing Release of Transcripts, Subpoenas, Records, Recordings, Notes and any Other Associated Materials Concerning In Re: Grand Jury Investigation, CR 88-259 MISC, CR 88-259 AJZ, and Grand Jury 87-3, 8703546, United States District Court, Northern District of California" (ECF Doc. No. 364).  Respondent opposes all three of these motions.  ECF 367.  The motion for stay is addressed by separate order.

///

///

**ANALYSIS**

**1. MOTION FOR DISCOVERY FROM FEDERAL AND OUT-OF-STATE ENTITIES**

The Court denied Petitioner's previously filed discovery motion without prejudice to renew once his petition was fully exhausted because a petitioner cannot litigate a mixed petition. "Discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims." *Calderon v. United States Dist. Ct.* ("*Thomas*"), 144 F.3d 618, 621 (9th Cir. 1998), citing *Calderon v. United States Dist. Ct.* ("*Roberts*"), 113 F.3d 149 (9th Cir. 1997). In *Thomas*, the petitioner was granted depositions on unexhausted claims, but only after those claims were dismissed and he moved to stay and abey the pending federal habeas petition while he returned to state court to exhaust the unexhausted claims. *Id.* at 620. The petitioner in *Thomas* was able to show a need for pre-litigation depositions under Fed. R. Civ. P. 27, but the court there was only able to consider that showing once it had before it a valid petition. *Id.* at 621-622. Here, as before, Petitioner does not have a "valid" petition because it is not a fully exhausted one. He has not provided the Court with any authority that would prompt a change the prior ruling on the matter.

Petitioner argues that he is entitled to the discovery to support his argument that he has good cause to warrant a stay and abeyance under *Rhines*. However, as evidenced by the concurrently filed order granting Petitioner's request for a stay, he does not need the requested discovery to establish good cause.

Petitioner also argues that he is entitled to the discovery under *Gonzalez v. Wong*, 667 F.3d 965, 978-80 (9th Cir. 2011), because he will need to present all available evidence to the state court during the exhaustion proceedings or be barred from presenting it to this Court by *Cullen v. Pinholster*, 563 U.S. 170 (2011). *Gonzalez* does not create an exception to the rule that a petitioner cannot litigate a mixed petition and does not create an entitlement to discovery. Rather, it establishes a framework for how to address belatedly disclosed evidence that was withheld by

3

United States District Court
Northern District of California

the state and would ordinarily be barred from presentation in federal court under *Pinholster*.

*Gonzalez*, 667 F.3d at 978-90.

While the Court is sympathetic to Petitioner's argument that without a grant of discovery now on items for which the state court has already denied discovery, Petitioner will later be in the position of resuming his federal habeas proceeding, obtaining the discovery he seeks now, and then petitioning to return to the state court to present those documents there, as required by *Pinholster*. However, this Court is bound by the Court of Appeals' precedent on the matter and Petitioner has presented no authority to the contrary. Accordingly, his motion is denied without prejudice to renew following exhaustion of his unexhausted claims.

### 2. PETITION TO UNSEAL DOCUMENTS IN GRAND JURY PROCEEDINGS

Petitioner also seeks the unsealing and disclosure of all materials in two grand jury proceedings: 88-cr-259 AJZ MISC and Grand Jury 87-3, 8703546.[1] He notes that he does not intend to limit his request for unsealing and disclosure to these two cases if other cases have responsive information. Petitioner asserts that he needs this information "to determine whether and how his stolen phone records were utilized during the federal investigations. [Petitioner] seeks to determine whether the stolen phone records were used as part of the probable cause finding for the issuance of federal subpoenas and/or whether the February 19, 1988 grand jury subpoena was used to conceal the FBI's participation in the theft of his home phone records." Pet. at 3.

While matters before a grand jury must generally remain confidential, pursuant to Fed. R. Crim. P. 6(e)(3)E(I), a court may authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding." The disclosure may be "at a time, in a manner and subject

---

[1] "Grand Jury 87-3, 8703546" is not the number of a grand jury proceeding. The proceeding number is 87-3; 870346 is the document number for the February 19, 1988 subpoena for Petitioner's phone records.

to any other conditions" that the court directs.

The Ninth Circuit has held that in order to justify disclosure, parties must demonstrate "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *United States v. Fischbach and Moore, Inc.*, 776 F.2d 839, 843 (9th Cir. 1985) (citations omitted).  Petitioner has not met his burden.

Petitioner's request is overbroad.  He seeks to unseal the entire dockets including confidential information of other people, such as bank and telephone records.  While a significant amount of time has passed between the convening of the grand juries and now, which Petitioner argues weighs in favor of disclosure of the documents, Petitioner does not benefit from the unsealing of another person's personal and unrelated information.

It also is unclear whether unsealing any documents, let alone the entire dockets, would work to "avoid a possible injustice." *Fishbach*, 776 F.2d 843.  Petitioner argues that the documents may show whether the phone records were used to support probable cause findings for the issuance of federal subpoenas.  Petitioner does not identify the subpoenas to which he refers.  Federal criminal proceedings were never initiated against him.  If he is referring to the grand jury subpoenas, as evidenced by the February 26, 1988 subpoena for Petitioner's telephone records, the United States Attorney's office can issue subpoenas of its own accord without a probable cause finding. Without knowing the kind of federal subpoena to which Petitioner refers, the Court cannot evalute whether a probable cause finding was even necessary for its issuance.

Thus, Petitioner's petition to unseal is overly broad and must be denied.  Respondent is encouraged to cooperate in Petitioner's discovery requests to avoid further delay and the possibility of a second return to state court.

///

///

**CONCLUSION**

For the foregoing reasons, the discovery motion is **DENIED** without prejudice to renew following exhaustion of all unexhausted claims in state court. The petition for unsealing and release of records in 88-cr-259 AJZ MISC and Grand Jury 87-3 also is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 13, 2016

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**