UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN W. BONILLA,**<br><br>Petitioner,<br><br>v.<br><br>**RON DAVIS**, **Warden, San Quentin State Prison**<br><br>Respondent. | Case No. **08-CV-0471 YGR**<br><br>**ORDER GRANTING PETITIONER'S MOTIONS TO STAY PURSUANT TO *RHINES V. WEBER* AND TO EXCEED THE PAGE LIMIT** |

## INTRODUCTION

Petitioner filed a finalized petition on May 9, 2016. ECF Doc. No. 353. He has now filed four concurrent motions: a motion to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); a motion to exceed the page limit for the motion to stay; a motion for discovery; and a petition to unseal documents in two grand jury proceedings. The discovery motions will be addressed by separate order. For the reasons stated herein, the motions to stay the case and to exceed the page limit are GRANTED.

## STATEMENT

Petitioner Steven Bonilla was sentenced to death by the Superior Court of California for the County of Alameda. On January 22, 2008, while his state habeas case was still being litigated, Bonilla filed a request for appointment of counsel for his future federal habeas litigation in this Court. Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred this action to the Northern District's Selection Board for the recommendation of qualified counsel to represent petitioner in these proceedings.

On May 2, 2012, this Court issued an order staying all proceedings in this matter until counsel was appointed to represent Petitioner. ECF Doc. No. 118. On May 23, 2012, this Court denied Petitioner's request to represent himself in these proceedings. ECF Doc. No. 122. Counsel were appointed on July 25, 2012 and the stay of proceedings was lifted on August 29. ECF Doc. Nos. 129 and 135.

Petitioner filed an initial petition for writ of habeas corpus, followed by a finalized one on May 10, 2016. ECF Doc. Nos. 139 and 353. Subsequently, he filed a motion to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (ECF Doc. No. 361) and two discovery motions (ECF Doc. Nos. 363, 364), which are addressed by separate order. Respondent opposes all three of these motions. ECF Doc. No. 367.

## ANALYSIS

### A.   LEGAL STANDARD

The Supreme Court follows a rule of "total exhaustion" requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period to file for federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines*, 544 U.S. at 273-75. A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without

2

exhausting state remedies first.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 5401 F.2d 1019, 1024 (9th Cir. 2008).

Most recently, in *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014), the Ninth Circuit held that "[ineffective assistance] by post-conviction counsel can be good cause for a *Rhines* stay," finding that such a conclusion was consistent with and supported by *Martinez*. *Martinez v. Ryan*, 132 U.S. 1309, 1315 (2012) (holding that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default). The court of appeals found that the "good cause element is the equitable component of the *Rhines* test," and that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust.]" *Id.* at 982. The petitioner in *Blake* argued that he failed to exhaust his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence that he suffered extreme abuse as a child, as well as organic brain damage and psychological disorders. *Id.* He supported his argument with evidence of his abusive upbringing and history of mental illness. In light of this showing, the court of appeals found that the district court abused its discretion in denying a stay and remanded the case. *Id.* at 983-84.

**B.  DISCUSSION**

Petitioner alleges that appellate counsel and post-conviction counsel's ineffective assistance constitutes good cause for his failure to exhaust all claims, that his *Batson* claim is potentially meritorious, and that petitioner has not been dilatory in pursuing the *Batson* claim.

3

Mot. for Stay at 11-13. Respondent argues that petitioner has been dilatory in pursuing relief on his unexhausted claims and, therefore, does not meet the *Rhines* requirements for a stay. Opp. at 8. As discussed below, petitioner does meet those requirements.

### 1.      Good Cause

In Claim Twenty-One, petitioner alleges that his appellate and post-conviction counsel, who were the same person, was ineffective in failing to "raise objections under *Batson v. Kentucky*, 476 U.S. 79 (1986), to the prosecutor's discriminatory exercise of peremptory challenges against women and racial minorities at the first trial" and that he was ineffective in failing to "use the record from the first trial to show that the prosecutor engaged in a pattern and practice of striking women and racial minorities in the second trial." Mot. to Stay at 11-12. Petitioner argues that if a comparative juror analysis had been performed for both trials, they would have shown that the prosecutor exercised peremptory challenges for impermissible reasons. *Id.* at 12.

Respondent notes that petitioner's good cause arguments are heavily predicated on ineffective assistance of appellate and post-conviction counsel. Opp. at 6. He then concedes that the Court is bound by the Ninth Circuit decision in *Blake*, which holds that ineffective assistance by post-conviction counsel can constitute good cause for a stay, and argues why *Blake* was decided improperly. *Id.*; *see Blake*, 745 F.3d at 983. Respondent does not pose a challenge to petitioner's specific good cause arguments.

Petitioner has "set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust.]" *Blake*, 745 F.3d at 982. An attorney who serves as both appellate counsel and state habeas counsel experiences a conflict of interest in presenting the first post-conviction petition because he cannot be expected to raise issues of his own ineffectiveness. *Moormann v. Schriro*, 426 F.3d 1044, 1059 (9th Cir. 2005).

While petitioner's appeal was pending, the United States Supreme Court issued *Miller-El*

4

*v. Dretke*, 545 U.S. 231 (2005), which held that an analysis between the challenged prospective jurors and the empaneled jurors can serve as "evidence tending to prove purposeful discrimination." *Id.* at 241. Subsequent to this issuance, appellate counsel did not file any claims or information regarding a comparative juror analysis. As noted, he cannot be expected to have challenged this on habeas. Thus, petitioner has shown good cause for his failure to exhaust.

### 2. Merit of Claims

Petitioner argues that all of his unexhausted claims are potentially meritorious and that each meets the requirements for a stay under *Rhines*. Mot. to Stay at 2. Under the second prong of the *Rhines* test, a district court would abuse its discretion if it were to grant a petitioner a stay when his claims are plainly "meritless." *Rhines*, 544 U.S. at 277. Here, petitioner has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him. Based on review of the record, petitioner's unexhausted claims are not plainly meritless.

### 3. Absence of Dilatory Tactics

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Respondent argues that petitioner has been dilatory in presenting his unexhausted claims to the state court because at the time he filed his initial petition in 2013, he knew it contained unexhausted claims, and he did not need to seek permission from this Court to file an exhaustion petition in state court. Opp. at 8.

Under *Rhines*, if the first two requirements are met, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. Petitioner filed his finalized petition in May and has been following this district's Habeas Local

5

Rules in litigating his petition since the appointment of counsel. There is no evidence suggesting petitioner has engaged in dilatory litigation tactics.

Accordingly, petitioner satisfies the third of the three *Rhines* requirements.

## CONCLUSION

For the above-mentioned reasons, the Court finds as follows:

1) Petitioner's motion to exceed the page limit is GRANTED;

2) Petitioner's motion to stay is GRANTED;

3) Counsel for petitioner shall file an exhaustion petition raising Claims One, Two, Three(C), Three(D), Four(E), Six(B), Six(C), Six(E), Seven(B), Seven(C), Nine(F), and Twenty-One in state court within 90 days of the date of this order;

4) To the extent that any claim contains allegations or supporting documentation that were not part of the state court record, pursuant to *Cullen v. Pinholster*, 131 U.S. 1388, 1400 (2011), such materials must be presented to the California Supreme Court before they may be reviewed by this Court under 28 U.S.C § 2254(d)(1). Accordingly, they should be included in the exhaustion petition;

5) One hundred and twenty days after the entry of this order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this court a brief report updating the court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED**.

Dated: December 13, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

6