UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. BONILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, Warden, San Quentin State Prison,<br><br>    Defendant. | Case No. 4:08-cv-00471-YGR<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING *PRO SE* MOTION |

Over the duration of this case, petitioner, Steven W. Bonilla, who is represented by appointed counsel, has repeatedly filed *pro se* motions and documents lodging various complaints or requesting measures of relief. With a docket now numbering just over 400 entries, a substantial majority of those entries consist of petitioner's *pro se* filings and the Court's many orders addressing such filings. On July 7, 2015, the Court entered an order (Dkt. No. 313) denying a batch of *pro se* filings and directing petitioner to cease filing substantive *pro se* motions and, instead, have counsel file such motions for him. The order permitted only a limited exception for *pro se* motions concerning the adequacy of appointed counsel. Nevertheless, petitioner has continued to send *pro se* motions and other documents to the Court. As has been its ongoing practice, the Court has screened all *pro se* documents that contain a reference in the title to "ineffective assistance of counsel" or a "conflict of interest" with counsel to confirm whether the title accurately represents the substance of the motion. Although this matter was stayed on December 13, 2016, so that petitioner could exhaust certain of his federal habeas claims in the state courts, *see* Dkt. No. 376, petitioner has recently submitted yet another *pro se* motion, this one titled "Ineffective Assistance of Counsel – Expedited Review Requested." *See* Dkt. No. 406.

In this latest *pro se* submission, petitioner alleges that his appointed counsel "has provided ineffective assistance of counsel by failing to present exculpatory evidence that the defendant was framed by the prosecution." Dkt. No. 406 at 1.  He goes on to allege that his phone records, which he describes as the linchpin of all the evidence used against him at his trial, were improperly seized pursuant to a non-existent federal grand jury subpoena. *Id.* at 1-2.  He alleges that law enforcement committed fraud upon the court in referencing the seizure of his phone records pursuant to the supposedly non-existent grand jury subpoena in an arrest warrant affidavit. *Id.* at 2.  He then argues that such fraud "vitiates everything," including the judgment of conviction entered against him, because it deprived the trial court of jurisdiction over him. *Id.*  As for what any of this has to do with the ineffective assistance of counsel, petitioner charges simply that his attorneys are ineffective because they have failed to raise this issue. *Id.* at 3.

Even construed liberally, petitioner's latest *pro se* submission does not raise any credible claim of ineffective assistance or conflict with appointed counsel.  Petitioner enjoys a statutory right to appointed counsel in these capital habeas proceedings by virtue of 18 U.S.C. § 3599(a)(2), which includes the right for his appointed counsel to "meaningfully . . . research and present [his] habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994).  He does not have a right to dictate tactics in the pursuit of his habeas petition. *See United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981). Nor does he have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by [him], if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Petitioner's present contentions respecting the trial court's jurisdiction are but yet another attempt to raise the issue of the seizure of his phone records.  As the Court observed in denying a previous *pro se* motion, petitioner's claim related to the seizure of his phone records "is raised as Claim Two in his [federal] Petition. His dispute with counsel as to how it is raised and in what format does not constitute either ineffective assistance of counsel or a genuine conflict of interest with counsel." Dkt. No. 342 at 2.  Indeed, as pleaded in the federal petition, Claim Two alleges that the prosecution would not have had any admissible evidence against petitioner but for the unlawful seizure of his phone records and, lacking such evidence, the state courts of California

could not have exercised subject matter jurisdiction over petitioner.  *See* Finalized Petition (Dkt. No. 343) at 80-82.  Hence, it is simply inaccurate for petitioner to allege that his attorneys have failed to raise the issue described in his latest *pro se* motion.  The issue is raised in the federal habeas petition and, because this matter is stayed pending exhaustion of claims in the state court, it remains pending before the state courts of California at this time.  *See* Status Report (Dkt. No 410, filed Sept. 9, 2021).  To the extent that petitioner may have some grievance with how and in what format Claim Two is presented, as the Court has previously instructed, he has no viable claim of ineffective assistance or conflict with counsel warranting further relief.

Petitioner's *pro se* motion (Dkt. No. 406) alleging ineffective assistance of counsel is DENIED.  Petitioner shall file any substantive motions through his court-appointed counsel.  The Court will continue to screen any pro se motions that allege a conflict with or the ineffective assistance of counsel. If those motions fail to assert a genuine conflict with appointed counsel, they will be returned unfiled.

**IT IS SO ORDERED.**

Dated: September 16, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE